IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ULTIMATE ACQUISITION CORP. <br> d/b/a ULTIMATE TOOL & SAFETY, <br><br> Plaintiff, <br><br> vs. <br><br> KY MITCHELL, T&E EQUIPMENT, <br> INC. AND T&E FLOW SERVICES, LLC, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 3:23-cv-325 |

### DEFENDANT'S AMENDED NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant T&E Equipment, Inc. ("T&E Equipment") hereby files Defendant's Amended Notice of Removal and respectfully states as follows:

**I.
STATE COURT ACTION**

1. On August 1, 2022, Plaintiff Ultimate Acquisition Corp. d/b/a Ultimate Tool & Safety ("Plaintiff" or "UT&S") filed Plaintiff's Original Petition in the 67th Judicial District Court of Tarrant County, Texas ("T.C. Court"), in an action styled *Ultimate Acquisition Corp. d/b/a Ultimate Tool & Safety vs. Ky Mitchell* ("Tarrant Co. Lawsuit"). On September 30, 2022, Plaintiff and Defendant Ky Mitchell ("Mr. Mitchell") filed their Agreed Order Transferring Venue requesting transfer of the lawsuit from the T.C. Court to a district court in Dallas County, Texas. On October 3, 2022, the Transfer Certificate from the Tarrant County District Clerk was filed in Cause No. DC-22-13864, styled *Ultimate Acquisition Corp. d/b/a Ultimate Tool & Safety vs. Ky Mitchell,* in the 193rd District Court of Dallas County, Texas (the "State Court Action"). All

documents filed in the Tarrant Co. Lawsuit were re-filed in the State Court Action on October 3, 2022. Additionally, on December 30, 2022, Plaintiff filed its First Amended Petition (the "Petition") against Defendants Mr. Mitchell, T&E Equipment, and T&E Flow Services, LLC ("T&E Flow" together with T&E Equipment, the "T&E Defendants") (the T&E Defendants together with Mr. Mitchell, the "Defendants").

2. In the State Court Action, Plaintiff seeks damages arising from allegations that its former employee and Board member, Mr. Mitchell, violated two agreements he had entered into with Plaintiff: a Non-Competition, Non-Disclosure, and Non-Solicitation Agreement ("Non-Solicit Agreement"); and an Employee Proprietary Information Agreement ("EPIA"). Plaintiff asserts the following claims against Mr. Mitchell: (1) Breach of Fiduciary Duty (against Mr. Mitchell); (2) Breach of Contract (against Mr. Mitchell as to the EPIA); and (3) Breach of Contract. Plaintiff filed a Tortious Interference with Contract claim against the T&E Defendants. Plaintiff seeks damages, attorney fees, and costs of court.

3. T&E Equipment hereby removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the lawsuit is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

5. This Amended Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it was filed within 30 days of service of the State Court Action on T&E Equipment, which occurred on January 18, 2023.

6. The United States District Court for the Northern District of Texas, Dallas Division has original jurisdiction over this action based on diversity of citizenship between the parties in

that Defendants are now, and were at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81, this Amended Notice of Removal is supported by copies of the following materials, which are attached to the original Notice of Removal (Doc. 1) and are incorporated by reference:

(a) **Exhibit A**: Civil Cover Sheet

(b) **Exhibit B**: Supplemental Civil Cover Sheet

(c) **Exhibit C**: Index of All Documents Filed in the State Court

    **Exhibit C-1**    A true and correct copy of the state court Docket Sheet

    **Exhibit C-2**    A true and correct copy of the Transfer Certificate

    **Exhibit C-3**    A true and correct copy of Plaintiff's Original Petition filed August 1, 2022 in Tarrant County and re-filed October 3, 2022 in Dallas County

    **Exhibit C-4**    A true and correct copy of the Tarrant County Service Request Form filed October 3, 2022

    **Exhibit C-5**    A true and correct copy of Defendant's Motion to Transfer Venue filed October 3, 2022

    **Exhibit C-6**    A true and correct copy of Agreed Order Transferring Venue signed October 3, 2022

    **Exhibit C-7**    A true and correct copy of Plaintiff's Application for Temporary Restraining Order and Temporary Injunction filed October 5, 2022

    **Exhibit C-8**    A true and correct copy of the proposed Order Granting Temporary Restraining Order filed October 5, 2022

    **Exhibit C-9**    A true and correct copy of the proposed Order Denying Temporary Restraining Order filed October 5, 2022

    **Exhibit C-10**    A true and correct copy of Defendant Ky Mitchell's Original Answer filed October 7, 2022

|  |  |
|---|---|
| **Exhibit C-11** | A true and correct copy of the Order Denying Temporary Restraining Order signed October 7, 2022 |
| **Exhibit C-12** | A true and correct copy of the Notice of Initial Dismissal Hearing dated October 18, 2022 |
| **Exhibit C-13** | A true and correct copy of the Notice of Non-Jury Trial dated November 1, 2022 |
| **Exhibit C-14** | A true and correct copy of the Uniform Scheduling Order (Level 2) signed November 1, 2022 |
| **Exhibit C-15** | A true and correct copy of the Defendant's Motion to Compel Arbitration filed November 18, 2022 |
| **Exhibit C-16** | A true and correct copy of the Notice of Appearance and Designation of Lead Counsel for Plaintiff filed November 30, 2022 |
| **Exhibit C-17** | A true and correct copy of the proposed Order Granting Motion to Compel Arbitration filed December 6, 2022 |
| **Exhibit C-18** | A true and correct copy of the Plaintiff's First Amended Petition filed December 30, 2022 |

(d)   **Exhibit D**:   A true and copy of the Declaration of Eric Bean.

(e)   **Exhibit E**:   A true and copy of the Declaration of Todd Nelson.

(f)   **Exhibit F**:   A true and copy of Defendant Ky Mitchell's Consent to Removal.

## III.
## DIVERSITY JURISDICTION

8.    Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Defendants are not a citizens of the same state as Plaintiff. The amount in controversy requirement is also satisfied because it is apparent from the face of the Petition that Plaintiff seeks in excess of $75,000, exclusive of interest and costs.

A.  **T&E Flow is a Nominal Party That Has Been Improperly Joined**

9. T&E Flow is an Oklahoma Limited Liability Company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). T&E Flow has four (4) members. Todd Nelson is a member of T&E Flow and is a citizen of Oklahoma. Eric Bean is a member of T&E Flow and a citizen of Oklahoma. Brock Edmonds is a member of T&E Flow and a citizen of Oklahoma. V5 Ventures LLC ("V5 Ventures") is a Delaware limited liability company and is a member of T&E Flow. V5 Ventures has two (2) members. Angie Vandenbrook is a member of V5 Ventures and a citizen of Texas. Lance Vandenbrook is a member of V5 Ventures and a citizen of Texas. Accordingly, T&E Flow is a citizen of Oklahoma and Texas.

10. Even though T&E Flow is a citizen of Oklahoma and Texas, T&E Flow's citizenship should be disregarded for purposes of diversity because it is merely a nominal party that has been improperly joined. As such, under the improper joinder doctrine, the Court should disregard and not consider T&E Flow's citizenship when determining diversity jurisdiction. The improper joinder doctrine functions as an exception to the complete diversity rule. See, e.g., *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The doctrine ensures "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). "In other words, it allows a court to disregard the citizenship of an improperly joined defendant for purposes of determining diversity." *Adams v. CitiBank*, No. 3:11-CV-3085, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), rec. adopted, 2012 WL 2130907 (N.D. Tex. Jun. 12, 2012) (citing *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004)).

11. To establish improper joinder, a party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573-74; *see also Cantor v. Wachovia Mortgage, FSB et. al.*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009); *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 719 (E.D. Tex. 2002). "To prove improper joinder based on a plaintiff's inability to establish a cause of action against a non-diverse defendant, a removing defendant must demonstrate no possibility of recovery by the plaintiff against the in-state defendant, i.e., no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant." *Adams*, 2012 WL 2122175, at *3. To determine whether a party has been improperly joined, the district court should conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). Notably, a "'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (citation omitted); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).

12. The Fifth Circuit has "'endorsed a summary judgment-like procedure for disposing of fraudulent joinder claims.'" *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (*quoting Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990)). The Fifth Circuit has also stated that "'fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.'" *Id*. (*Ford v. Elsbury,* 32 F.3d 931, 935 (5th Cir.1994).

13. In this case, Plaintiff solely asserts a claim for tortious interference with contract against both T&E Equipment and T&E Flow. (Petition at ¶¶ 56-61). Specifically, Plaintiff asserts the tortious interference with contract claim against "T&E", which Plaintiff defines as T&E Equipment and T&E Flow collectively. Plaintiff's claim rests on the contention that Mr. Mitchell "was working for T&E" and that "T&E disregarded UT&S's notice and continued to employ Mitchell" (*Id*. at ¶¶ 29, 30). Plaintiff alleges that Mr. Mitchell "engaged in a business whose products or activities compete in whole or in part with UT&S", and that Mitchell "failed to advise UT&S of accepting any new employment or engagement within ten days of doing so." (*Id*. at ¶ 53). Plaintiff specifically maintains that:

> T&E blatantly disregarded UT&S's notice and warning regarding the existence of the contracts and UT&S's intent to enforce them. **T&E continued to employ Defendant Mitchell in a position that utilized his knowledge of UT&S's customer base and confidential information.**
>
> **Such action constitutes an intentional and willful act of interference with UT&S's contracts with Defendant Mitchell**.

(*Id*. at ¶¶ 58, 59) (emphasis added).

14. "To state a claim of tortious interference with contract under Texas law, a plaintiff must establish:'(1) the existence of a contract subject to interference, (2) the occurrence of an act of interference that was willful and intentional, (3) the act was a proximate cause of the plaintiff's damage, and (4) actual damage or loss occurred.'" *Udeigwe v. Texas Tech Univ.*, 2018 WL 2186485, at *4 (5th Cir. 2018) (*quoting Holloway v. Skinner*, 898 S.W.2d 793, 795-96 (Tex. 1995)).

15. With respect to Plaintiff's tortious interference claim, T&E Flow is indisputably a nominal party, and it has been fraudulently joined. The bases for Plaintiff's tortious interference claim are that Mr. Mitchell is unlawfully competing with Plaintiff, Plaintiff has informed T&E Flow of the EPIA and Non-Solicit Agreements and its intent to enforce them, and T&E Flow is

willfully interfering by continuing to employ Mr. Mitchell, i.e., Mr. Mitchell is an employee of T&E Flow, in "a position that uses his knowledge of Plaintiff's customer base and confidential information." (*Id.* at ¶ 58). However, significantly, Mr. Mitchell is not an employee or independent contractor of T&E Flow, and he never has been. (Exhibit D). T&E Flow does not have any relationship with Mr. Mitchell. (*Id.*).[1] Consequently, T&E Flow is indubitably not intentionally interfering with any contract between Plaintiff and Mr. Mitchell as Plaintiff's contention is grounded in the employment of Mr. Mitchell and T&E Flow does not employ Mr. Mitchell. Accordingly, Plaintiff does not and cannot even raise a "theoretical possibility" that its tortious interference claim can be maintained against T&E Flow. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant); *see also Cantor*, 641 F. Supp. 2d at 611-612 (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for recovery against the trustee).

**B.    Complete Diversity Exists Among the Parties**

16.    Plaintiff Ultimate Acquisition Corp. d/b/a Ultimate Tool & Safety is a Texas corporation located in Tarrant County, Texas. (Petition ¶ 2). A corporation is a citizen of the states of its incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009). Thus, Plaintiff is a Texas citizen.

17.    Defendant Ky Mitchell is a natural person, he is domiciled in Portales, New Mexico, and is a citizen of New Mexico.

---

[1] Mr. Mitchell is an employee of T&E Equipment. (*See* Exhibit E).

18. Defendant T&E Equipment is an Oklahoma corporation with its principal place of business in Oklahoma. Therefore, T&E Equipment is an Oklahoma citizen.

19. Defendant T&E Flow has been improperly joined, and its citizenship should be disregarded for purposes of diversity.

20. Because Plaintiff is a citizen of Texas, Mr. Mitchell is a citizen of New Mexico, Defendant T&E Equipment is a citizen of Oklahoma, and T&E Flow has been improperly joined, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a)(1).

**C.     Amount in Controversy**

21. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, exclusive of interest and costs. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). Alternatively, the defendant may introduce other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *St. Paul Reins.*, 134 F.3d at 1253; *Berry*, 2009 WL 2868224, at *2.

22. The Court may also consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering plaintiff's request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory

authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

23. Based on a review of the Petition, it is "facially apparent" that the claims exceed $75,000, exclusive of interest and costs. Plaintiff pleads that 1) "[a]s a result of Mitchell's conduct, Plaintiff has suffered injuries in the nature of lost revenues by both recruiting employees and soliciting customers away from UT&S" (Petition ¶ 38); 2) "Mitchell's breaches have caused injury to UT&S in an as-yet unknown amount, but not less than $376,802 (*Id.* at ¶¶ 48, 55); and 3) "[a]s a result of T&E's interference, UT&S has suffered injury in an as-yet unknown amount (*Id.* at ¶ 61). Plaintiff additionally seeks to recover its attorney's fees. (*Id.* at ¶¶ 62 and Prayer). Although the T&E Defendants vehemently deny Plaintiff is entitled to any of the alleged damages, it is apparent from the face of the Petition that Plaintiff seeks in excess of $75,000, exclusive of interest and costs.

24. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, 1441, and 1446. Therefore, removal is proper.

**D.    T&E Flow Need Not Consent to Removal Because it is a Fraudulently Joined Defendant and Even if Consent was Necessary, T&E Consents to the Removal**

  **1.    T&E Flow Need Not Consent to Removal**

25. T&E Flow's consent is not required for removal because it has been fraudulently joined. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir.2004); *Jernigan v. Ashland Oil Co.*, 989 F.2d 813, 815 (5th Cir. 1993) (requiring the written consent of "improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the

contention that no other proper defendant exists."); *Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-cv-1908-M, 2012 WL 5451822, at *3 n.2 (N.D. Tex. Nov. 8, 2012) (Lynn, J.) ("A removing defendant need not obtain the consent of a defendant it alleges was improperly joined."); *Hayden v. Allstate Texas Lloyds*, No. H-10-646, 2011 WL 240388, at *6 (S.D. Tex. Jan. 20, 2011) ("Where a defendant has been fraudulently joined . . . his consent is not required for removal.").

26. As set forth in Section III.A herein, T&E Flow is a nominal defendant and has been improperly or fraudulently joined. Therefore, T&E Flow's consent to this Amended Notice of Removal is not required.

    **2.**    **T&E Flow Consent to Removal**

27. Even though T&E Flow's consent to removal is not required for removal because it has been fraudulently joined, T&E Flow hereby consents to the removal of this matter to this Court.

**E.**    **Defendant Ky Mitchell's Consent to Removal**

28. Defendant Ky Mitchell consents to the removal of this matter to this Court as reflected in Defendant Ky Mitchell's Consent to Removal, a true and correct copy of which is attached as **Exhibit F** to the original Notice of Removal (Doc. 1) and is incorporated by reference.

**IV.**
**CONCLUSION**

WHEREFORE, T&E Equipment hereby files this Amended Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may continue to assume jurisdiction over the cause as provided by law.

       Respectfully submitted,

       /s/ Jason L. Sanders
       **Jason L. Sanders**
        Texas Bar No. 24037428
        jsanders@sanderscollins.com
        (214) 775-0631 Direct
        (214) 499-7709 Cell
       **Caroline E. Allen**
        Texas Bar No. 24121320
        callen@sanderscollins.com
        (214) 775-0635 Direct
        (575) 808-3206 Cell
       SANDERS COLLINS PLLC
       325 N. St. Paul St., Suite 3100
       Dallas, Texas  75201
       Main Telephone:  (214) 775-0630
       Facsimile:  (214) 242-3004
       www.sanderscollins.com

       **COUNSEL FOR DEFENDANTS T&E EQUIPMENT, INC. AND T&E FLOW SERVICES, LLC**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system, e-mail, and/or mail pursuant to the Federal Rules of Civil Procedure on this 17th day of February, 2023 to:

| | |
|---|---|
| Gregory B. Cox<br>  greg@gregcox.law<br>GREGORY B. COX PLLC<br>2830 S. Hulen St. #827<br>Fort Worth, Texas  76109<br>Telephone:  (512) 779-2458<br><br>Ryan Logan Valdez<br>  rvaldez@canteyhanger.com<br>Cantey Hanger LLP<br>600 West 6th Street, Suite 300<br>Fort Worth, Texas  76102<br>Telephone:  (817) 877-2800<br>Facsimile:  (817) 877-2807<br>***Counsel for Plaintiff Ultimate Acquisition Corp. d/b/a Ultimate Tool & Safety*** | Jason A. LeBoeuf<br>  jason@leboeuflawfirm.com<br>LEBOEUF LAW FIRM, PLLC<br>675 Town Square Blvd., Suite 200<br>Building 1A<br>Garland, Texas  75040<br>Telephone:  (214) 206-7423<br>Facsimle:  (214) 730-5944<br>***Counsel for Defendant***<br>***Ky Mitchell*** |

              /s/ Jason L. Sanders
              Counsel for T&E Defendants